DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY
*vs.* LYNNE K. FINGERMAN.

Suffolk. May 7, 1979. — July 5, 1979.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Employment Security*, Voluntary unemployment, Eligibility for benefits.

In a proceeding for unemployment benefits, the question whether the claimant left her job for an urgent, compelling and necessitous reason within the meaning of G. L. c. 151A, § 25 (*e*), was not a pure question of fact but involved the application of law to fact, and therefore the board of review of the Division of Employment Security was not bound by the review examiner's decision on the issue. [462-464]

The board of review of the Division of Employment Security was warranted in concluding that a claimant who terminated her employment in order to move and seek a new permanent home in another State in which her husband had secured employment was entitled to unemployment benefits under G. L. c. 151A, § 25 (*e*). [464]

PETITION filed in the Municipal Court of the City of Boston on May 5, 1978.

The case was heard by *DeGuglielmo*, J.

*Marcus S. Weiss* for the defendant.

*William D. Luzier, Jr.,* Assistant Attorney General (*George J. Mahanna,* Assistant Attorney General, with him) for the plaintiff.

BRAUCHER, J. The claimant's husband had secured employment in California to commence in six weeks. She left her job to help pack up their home, move, and seek a new, permanent home in California. A review examiner denied unemployment benefits under G. L. c. 151A, § 25 (*e*) (1); but the board of review "found" that her leaving "was involuntary since such leaving was for urgent, compelling and necessitous reasons," and modified the decision,

awarding benefits. A judge of the Municipal Court of the City of Boston reversed, ruling that the question of voluntary separation was a question of fact, that the decision of the review examiner was supported by substantial evidence, and that the board of review had exceeded its authority. On report pursuant to G. L. c. 151A, § 42, we hold that the question, involving the application of law to fact, is not solely a question of fact, and reinstate the decision of the board of review.

The following facts appear from the administrative record. The claimant left her job on July 27, 1977. Her husband had been unemployed for about a year, and his application for employment in California had been accepted, work to begin on September 6, 1977. They moved to California in August and found and moved into a house, and he began work on September 6 as scheduled. Her claim for benefits was denied because her leaving, "although for a good personal reason," was "voluntary without good cause attributable to the employing unit." She requested and was afforded a hearing in California, recorded on tape.

The review examiner, reviewing the tape, found that when she left work "her husband was not permanently domiciled and employed beyond commuting distance from her work. His employment in California did not start until over one month later. Therefore it was not established that" her leaving "was for an urgent compelling and necessitous reason"; rather, it "was voluntary without good cause attributable to the employing unit."

Before its amendment by St. 1976, c. 473, § 14, G. L. c. 151A, § 41, provided that the board of review, "after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the findings of fact and decisions of the director or his authorized representative." The 1976 amendment reduced the fact-finding role of the board of review, directing the board to "inquire whether the director's decision was founded on the evidence in the record and was free from any error of law

affecting substantial rights." The board may remand the case to the director for the taking of additional evidence, or it may itself take evidence at a hearing. § 41(*b*). If the board does not conduct an evidentiary hearing, its regulations provide that the "findings of the Director as to the facts, if supported by substantial evidence, shall be conclusive . . ., and in such cases the jurisdiction of the Board shall be confined to questions of Law." Division of Employment Security, Administrative Practices of the Board of Rev., No. 8 (c), 59 Mass. Reg. 27, 30 (1977).

We agree with the judge that inquiry by the board of review into questions of fact, in cases in which it does not conduct an evidentiary hearing, is limited by statute and by the regulations to determining whether the review examiner's findings are supported by substantial evidence. But we do not agree that the issue in this case was a pure question of fact.

Claimants who leave work "voluntarily without good cause attributable to the employing unit" are temporarily disqualified from receiving benefits. G. L. c. 151A, § 25(*e*)(1), as amended through St. 1975, c. 684, § 78. But there is no disqualification if the claimant "establishes to the satisfaction of the director that his reasons for leaving were for [*sic*] such an urgent, compelling and necessitous nature as to make his separation involuntary." § 25(*e*). See *Dohoney* v. *Director of the Div. of Employment Security*, 377 Mass. 333, 335-336 (1979).

The statutory exception to disqualification sets a standard calling for an exercise of judgment which is not purely factual. Such a determination, involving the application of the standard to the facts found, brings into play the experience, technical competence, and specialized knowledge of the agency. See *Raytheon Co.* v. *Director of the Div. of Employment Security*, 364 Mass. 593, 595 (1974). But if it were left to final decision by the several review examiners, consistent application of the statute to persons similarly situated would be impaired. Application of law to fact has long been a matter entrusted to the

informed judgment of the board of review. See *Garfield* v. *Director of the Div. of Employment Security*, 377 Mass. 94, 96 (1979), and cases cited. The reference to "satisfaction of the director" in the 1975 amendment of § 25 (*e*) seems to encourage judicial deference to the agency determination rather than to allocate functions within the agency. See *Pacific Mills* v. *Director of the Div. of Employment Security*, 322 Mass. 345, 349-350 (1948). The 1976 amendment to § 41 was directed to allocation of functions within the agency, but we do not think the Legislature intended to impair the power of the board to review questions of application of law to fact in order to promote evenhanded treatment of those similarly situated.

The present case is a close one. Neither the review examiner nor the board treated the question raised as a pure question of fact. The review examiner seems to have assumed that the claimant's reasons for leaving could be urgent, compelling and necessitous only if her husband, at the time she left, was already "permanently domiciled and employed in an area beyond commuting distance" from her work. Such an assumption would be an error of law. The quoted words appear as an illustration in a document entitled, Handbook for Interstate Claimstaking. The official status of that document does not appear in the record before us. The board of review could reasonably conclude that the review examiner had taken too narrow a view of the factors entering into the determination whether reasons are "urgent, compelling and necessitous" within the meaning of the statute. The board's view, taking into account the spouse's prospects and expectations of employment and the permanence and timing of the move, accords with our interpretations of the statutory predecessors of § 25(*e*). See *Raytheon Co.* v. *Director of the Div. of Employment Security*, 346 Mass. 733, 735-736 (1964); *Raytheon Co.* v. *Director of the Div. of Employment Security*, 344 Mass. 369, 373-375 (1962).

The decision of the Municipal Court of the City of Boston is reversed. Judgment is to be entered in that court affirming the decision of the board of review.

*So ordered.*