HARVARD STUDENT AGENCIES, INC. *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] June 8, 1981. We must reverse the District Court judgment affirming the decision of the board of review finding the applicant Fusco not ineligible for benefits under G. L. c. 151A, § 25(e)(1). 1. The applicant was employed by the plaintiff, Harvard Student Agencies, Inc. (HSA), under a written contract extending to January 31, 1976. The board found that it was "generally a condition of participation" of employment by HSA that he remain a student at Harvard University. Fusco did not enroll for the fall, 1975, term at Harvard and did not inform HSA of that fact, believing that the employment contract covered him even though he was not a student. When there was no more work for him as painting manager due to seasonal conditions in November, 1975, he applied for unemployment compensation. It was not until the "Separation and Wage Statement" dealing with the claim was received by it that HSA became aware that Fusco was no longer a student. However, upon advice of counsel, HSA offered him work until the expiration of the contract on January 31. The board of review found in effect that this constituted a waiver of the condition that he remain a student. This issue, where the facts are not in dispute, is to be treated as a question of law, *Director of the Div. of Employment Security* v. *Fingerman*, 378 Mass. 461, 464 (1979), and we conclude that in this respect the board erred. See G. L. c. 30A, § 14(7)(c). While the condition may have been waived as to the short period of time left under the contract which expired on January 31, HSA was not required to waive the condition again when the contract ran out. The fact remains that Fusco voluntarily made himself ineligible for further employment, "without good cause attributable to the employing unit . . ." (G. L. c. 151A, § 25[e][1], as ap-

[1] John Fusco.

pearing in St. 1973, c. 899, § 2), by failing to enroll as a student for the fall, 1975, term. 2. Because of our disposition of the § 25(e)(1) issue, we need not reach HSA's contentions regarding exemption under G. L. c. 151A, § 6(k). 3. The judgment of the District Court is reversed, and a new judgment setting aside the decision of the board of review shall be entered.

*So ordered.*

*Harold Rosenwald* for the plaintiff.

*Francis X. Bellotti,* Attorney General, *John A. Mendlesohn,* Assistant Attorney General, *& Michael T. Kogut,* Legal Assistant to the Attorney General, for Director of the Division of Employment Security, submitted a brief.