SUSAN MALONE-CAMPAGNA & others[1] *vs.* DIRECTOR OF THE
DIVISION OF EMPLOYMENT SECURITY & another.[2]

Hampden.   December 9, 1983. — March 13, 1984.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Findings by board of review, Eligibility for benefits,
Voluntary unemployment, Good cause.

Although a denial of benefits by the reviewing board in the Division of Employ-
ment Security was based upon substantial evidence adduced before the review
examiner, the board erred in rendering its decision without making findings as
to the employees' contentions that they left their employment in the belief they
were about to be fired and that they had been compelled to perform work
antithetical to that for which they had been employed. [401-402]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on July 9, 1982.

The case was heard by *Walsh,* J.

*Suzanne Harris* for the employees.

*George J. Mahanna,* Assistant Attorney General, for Director
of the Division of Employment Security.

LYNCH, J.   On February 16, 1982, the claimants left their jobs
with a program called Hotline to End Rape and Abuse (HERA),
which was administered and funded through the Springfield
Young Women's Christian Association, Inc. (YWCA).   After
having been denied unemployment compensation benefits pur-
suant to G. L. c. 151A, the claimants requested a hearing before
a review examiner, in accordance with G. L. c. 151A, § 39.   Hear-
ings were held on April 14, 1982, and May 3, 1982, and the review
examiner affirmed the denial of benefits pursuant to G. L. c. 151A,
§ 25 (*e*) (1), using identical language in all three cases.   The Divi-

---

[1] Nancy Lyman and Michele Corbeil.

[2] Springfield Young Women's Christian Association, Inc.

sion of Employment Security's board of review (board) denied the claimants' application for review, making the review examiner's decision the final decision of the board. G. L. c. 151A, § 41 (*c*). The decision was affirmed by a judge of the Springfield District Court, and the judgment was appealed under G. L. c. 151A, § 42. We remand the case for further proceedings consistent with this opinion.

We summarize the review examiner's findings of fact. Susan Malone-Campagna was last employed by the Springfield YWCA as an office worker for twenty hours a week and as a direct service worker for eleven hours a week from February, 1981, to February 1982. She was assigned to the HERA program. The program was initially staffed by volunteers. It later became administered and funded through the YWCA, whose board of directors was "programatically and fiscally responsible for the administration of the program in compliance with terms of the funding sources." That board had authorized the YWCA's executive director to act on its behalf. A new executive director was appointed in May of 1981 "to establish tighter financial and management controls" over all administered programs. When the new executive director initiated "new program controls and financial accountability," Malone-Campagna and her associates became concerned that the needs of the program's clients would not be met in accordance with the principles of the HERA program.

The YWCA executive director and a newly-appointed HERA program coordinator went to the HERA location on February 16, 1982. A notice of collective resignation and withdrawal of the HERA program from YWCA administration was posted on the door. The executive director was denied access to the premises. The YWCA personnel policies, as then in effect, required that employees accept responsibility for implementing the purpose of the YWCA, "as well as goals and objectives adopted by the Association's Board of Directors," and that employees must give two weeks' notice of resignation.

The review examiner found that Malone-Campagna had left her work because of a disagreement with the employer regarding policies and methods of operation and an unwillingness to conform to such methods. The review examiner stated that the termination

391 Mass. 399                                              401

Malone-Capagna v. Director of the Division of Employment Security.

was considered to be voluntary without good cause attributable to the employer within the meaning of G. L. c. 151A, § 25 (e) (1), because "the methods of operation were in accordance with the requirements of the grantee funding sources, and of the goals of the YWCA Board of Directors, and because there is no violation of statute or legal regulation relative to the manner in which the work is performed."

The claimants challenge the decision of the board on three grounds. First, they argue that the evidence requires a finding that the claimants terminated their employment under a good faith belief that they were about to be fired. Second, they argue that even if they left work voluntarily they did so with good cause attributable to their employer. Third, they claim that the decision was improper because the review examiner failed to make any findings regarding the employee claims that they left work to avoid termination. They also argue that the judge abused his discretion by refusing to remand the case to the division for the taking of additional evidence. We conclude that the evidence does not require a finding that the employees left work involuntarily or for good cause, but that the board acted improperly in rendering its decision without making findings of fact regarding the employees' state of mind at the time they left their employment. Since we remand the case to the board, we do not address the claim of abuse of discretion by the judge.

The evidence before the review examiner consisted of conflicting testimony on whether the employees were about to be fired. The review examiner was not required to believe the testimony of the claimants. *Maddocks* v. *Contributory Retirement Appeals Bd.*, 369 Mass. 488, 495 (1976). This principle applies as well to the employees' claim that they were requested to make improper use of food stamps.

The review examiner found that the claimants left work "because of a disagreement . . . regarding policies and methods of operation and unwillingness to conform to such methods." This finding is based on substantial evidence. The decision contains no findings, however, on whether the employees left work because they believed they were about to be fired. If the employees reasonably believed that they were about to be fired, their leaving

could not be fairly regarded as voluntary within the meaning of G. L. c. 151A, § 25 (*e*) (1). *White* v. *Director of the Div. of Employment Sec.*, 382 Mass. 596, 597-598 (1981).

In the absence of a finding on a critical factual issue, the agency's decision cannot stand even if supported by substantial evidence. *Torres* v. *Director of the Div. of Employment Sec.*, 387 Mass. 776, 779 (1982). "Whether this evidence was credible . . . was for the review examiner, and not for this court, to determine. But since he made no findings on this point, '[o]n the record before us, we cannot determine whether the [examiner] disbelieved those portions of the evidence on which no subsidiary findings were made, or believed them but considered them not determinative of the ultimate issue.' " *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 205 (1983), quoting *Smith* v. *Director of the Div. of Employment Sec.*, 376 Mass. 563, 565-566 (1978). The board must make a finding on whether the employees reasonably believed they were about to be fired when they terminated their employment with the YWCA. The board should also make specific findings on whether the employees were forced to perform work antithetical to that for which they were hired and whether they were directed to make inappropriate or illegal use of food stamps. It is within the board's discretion to decide if any additional evidence will be heard.

The decision of the District Court is reversed, and judgment is to be entered remanding the case to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*