KEVIN SCANNEVIN *vs*. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] January 9, 1986. *Employment Security,* Voluntary unemployment, Findings.

Kevin Scannevin appeals from a decision of the District Court affirming the denial of unemployment compensation benefits. He was disqualified under G. L. c. 151A, § 25 (*e*) (1) (1984 ed.), on the ground that he left work voluntarily without good cause attributable to the employing unit. We remand the case for further proceedings consistent with this opinion.

After a hearing, the review examiner for the Division of Employment Security (division) found the following facts. Scannevin worked for Sears, Roebuck & Company as a salesman for approximately thirteen years. On July 23, 1984, Scannevin left the store, indicating that he was ill. The company requires employees who are absent for longer than five days to file medical documentation of their illnesses. Scannevin was provided with a certificate to be filled out by his physician, and was notified that his failure to return such documentation would be considered a voluntary resignation pursuant to company policy. During a subsequent telephone conversation, Scannevin notified the company that his physician was on vacation and would not return for some time. Scannevin adamantly refused to utilize the services of the company physician. On August 23, 1984, the company notified Scannevin by mail that he had been removed from the payroll due to his refusal to submit the required medical certificate.

Scannevin argues that the division incorrectly treated his release from employment as a resignation under G. L. c. 151A, § 25 (*e*) (1), rather than as a discharge under § 25 (*e*) (2). We disagree. An employee who anticipates a legitimate absence from work must take reasonable steps to preserve his employment. See *Dohoney* v. *Director of the Div. of Employment Sec.*, 377 Mass. 333, 336 (1979). Where an employee fails properly to notify the

---

[1] Sears, Roebuck & Company.

employer of the reason for his absence, his resulting termination is tantamount to a voluntary resignation under G. L. c. 151A, § 25 (e) (1). *Dohoney, supra. Olechnicky* v. *Director of the Div. of Employment Sec.,* 325 Mass. 660, 663 (1950). Cf. *Rivard* v. *Director of the Div. of Employment Sec.,* 387 Mass. 528 (1982) (employee who, through his own acts, causes statutory impediment to his continued employment voluntarily resigns within meaning of § 25 [e] [1]). Scannevin was informed that his employer required a medical certificate, and that failure to provide such documentation would constitute voluntary resignation. He nonetheless refused to take steps necessary to preserve his employment. In these circumstances, the finding that Scannevin resigned is supported by substantial evidence.

However, the division erred by failing to make subsidiary findings regarding whether Scannevin left work due to the reasonable belief that he would soon be discharged. Evidence on the record indicated that Scannevin had received poor performance reviews during the months of May, June, and July. Scannevin testified that he did not take any action to preserve his employment because he believed that his discharge for poor sales performance was inevitable. Where an employee resigns due to the reasonable belief that his discharge is imminent, his resignation cannot properly be termed "voluntary" and thus subject to disqualification under G. L. c. 151A, § 25 (e) (1). See *Malone-Campagna* v. *Director of the Div. of Employment Sec.,* 391 Mass. 399, 401-402 (1984); *White* v. *Director of the Div. of Employment Sec.,* 376 Mass. 563, 565-566 (1978). In the absence of findings on this critical issue of "voluntariness," the division's conclusions cannot be upheld, even though supported by substantial evidence. See *Malone-Campagna, supra* at 402; *Smith* v. *Director of the Div. of Employment Sec.,* 376 Mass. 563, 565-566 (1978). This case must thus be remanded to the division for findings of fact on the issue whether Scannevin left his employment under the reasonable belief that he would be fired.

The decision of the District Court is reversed, and judgment shall be entered remanding the case to the division for further action consistent with this opinion.

*So ordered.*

*T. Richard McIntosh* for the employee.

*Peter S. Brooks (Louis J. Scerra, Jr.,* with him) for the employer.

*Willie Ivory Carpenter, Jr.,* Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.