WILFRED E. DUCHARME, JR. *vs.* COMMISSIONER OF THE
DEPARTMENT OF EMPLOYMENT & TRAINING & another.[1]

No. 97-P-1976.

Worcester. January 19, 1999. - May 18, 2000.

Present: ARMSTRONG, PERRETTA, & RAPOZA, JJ.

*Administrative Law,* Judicial review, Findings, Substantial evidence. *Employ-
ment Security,* Discharge, Voluntary unemployment, Good cause, Burden
of proof.

The determination of the board of review of the Department of Employment
and Training, that an employer had acted reasonably in combining the du-
ties of store manager and director of training with respect to a particular
employee, did not constitute impermissible fact finding [207-208], and
there was no error in the board's determination that it was unreasonable
for the employee to believe he could not perform the duties of both posi-
tions [209-210].

The board of review of the Department of Employment and Training did not
err in concluding that an employee was not involuntarily discharged from
his employment by the assignment to him of additional duties, where the
employee admitted that he chose to leave rather than accept the new
responsibilities. [210-211]

CIVIL ACTION commenced in the Worcester Division of the
District Court Department on March 20, 1996.

The case was heard by *Robert V. Greco,* J.

*David A. Wallace* for the plaintiff.

*Peter T. Wechsler,* Assistant Attorney General, for the
defendant.

RAPOZA, J. The plaintiff, Wilfred E. Ducharme, Jr., appeals
from an order of a District Court judge affirming a decision of
the board of review (board) of the Department of Employment
and Training (department) which denied him unemployment
benefits. Ducharme claims that the board (1) exceeded its
authority by engaging in fact finding without conducting an evi-

[1]Honey's, Inc.

dentiary hearing; (2) erred when it concluded that he unreasonably believed he could not perform the work that his employer demanded of him; and (3) should have found that he was involuntarily discharged by his employer.

1. *Facts.* We recite the relevant facts found by the review examiner and adopted by the board. Ducharme worked for over nine years as a store manager for Honey's, Inc., a chain of convenience stores. In December of 1994, he was promoted to director of training, a position which required him to supervise trainees in various stores, conduct seminars, update company manuals, compose reports, and perform related tasks. In his position as director of training, Ducharme worked about fifty hours per week and received a raise of approximately $4,000 per year.

In April of 1995, Ducharme was told by his supervisors that, in addition to his duties as director of training, the employer wanted him to manage a store in Holden, Massachusetts.[2] Ducharme refused to accept the extra job responsibilities because he believed that, as director of training, he would not have sufficient time to devote to the operation of the store. He also considered the proposed resumption of store manager duties to be a demotion.

The employer directed Ducharme to perform the additional duties at the Holden store because it felt that greater consistency was required in the management of the Holden store, due to the differing instructions given to subordinates by Ducharme and the Holden store's then manager. In order to address Ducharme's concerns regarding his ability to serve as both director of training and store manager, the employer offered to make certain accommodations, such as overstaffing the store.[3] In addition, Ducharme would continue to be paid as director of training, and also would be eligible as a store manager for a year-end incentive bonus. Ducharme refused the offered adjustments, and left the employer.

2. *Discussion.* "In reviewing the decision of the board, we must determine whether the decision 'contains sufficient findings to demonstrate that the correct legal principles were ap-

---

[2]Ducharme had conducted training sessions from the back area of the Holden store.

[3]Specifically, the employer offered to hire additional employees to help run the store, and to hire an assistant manager to relieve Ducharme of some of his managerial duties.

plied, and must review the record to determine whether those findings are supported by substantial evidence.' *Guarino* v. *Director of the Div. of Employment Sec.*, 393 Mass. 89, 92 (1984). A decision by the board will be reversed only if it is based upon an error of law or is unsupported by substantial evidence." *Potris* v. *Commissioner of the Dept. of Employment & Training*, 42 Mass. App. Ct. 735, 737-738 (1997).

Claimants who leave work voluntarily without good cause attributable to their employer are temporarily disqualified from receiving benefits. G. L. c. 151A, § 25(*e*)(1). "But there is no disqualification if the claimant 'establishes to the satisfaction of the [commissioner] that his reasons for leaving were for such an urgent, compelling and necessitous nature as to make his separation involuntary.' § 25(*e*)." *Director of the Div. of Employment Sec.* v. *Fingerman*, 378 Mass. 461, 463 (1979). The burden of proving such circumstances lies with the employee. *Potris* v. *Commissioner of the Dept. of Employment & Training*, 42 Mass. App. Ct. at 738.

Ducharme claims first that the board engaged in impermissible fact finding when it determined that the employer had acted reasonably in combining the positions of store manager and director of training. However, "[t]he statutory exception to disqualification [from receiving benefits] sets a standard calling for an exercise of judgment which is not purely factual. Such a determination, involving the application of the standard to the facts found, brings into play the experience, technical competence, and specialized knowledge of the agency. . . . Application of law to fact has long been a matter entrusted to the informed judgment of the board of review." *Director of the Div. of Employment Sec.* v. *Fingerman*, 378 Mass. at 463-464.

The review examiner's consideration of the reasonableness of the hours and combined functions imposed upon Ducharme was a mixed question of fact and law. As such, his finding was subject to review by the board. See *Potris* v. *Commissioner of the Dept. of Employment & Training*, *supra* (despite board's adoption of hearing officer's findings of fact, "[t]he board has the final say in administrative proceedings as to whether a claimant is entitled to unemployment benefits. . . . It is 'not bound by any previous finding of the [commissioner] or his representative [i.e., hearing officer]' "), quoting from *Pizura* v. *Director of the Div. of Employment Sec.*, 331 Mass. 286, 292 (1954). The board's determination that the employer had acted reasonably did not constitute impermissible fact finding.

Ducharme next claims error regarding the board's determination that it was unreasonable for him to believe that he could not perform the duties of both positions. As we have stated, the employee "bears the burden of proving either that he left his employment for good cause attributable to the employing unit, or that his reason for leaving was of an urgent, compelling, and necessitous nature," rendering his departure involuntary. *Crane* v. *Commissioner of the Dept. of Employment & Training*, 414 Mass. 658, 661 (1993). "The nature of the circumstances of each individual case, and the degree of compulsion that such circumstances exert on a claimant, must be objectively evaluated." *Ibid.*

As noted above, Ducharme was working fifty hours per week as director of training. Therefore, Ducharme argues, any additional duties would require him to work more than fifty hours. There was substantial evidence presented, however, concerning the accommodations that the employer was willing to make in order to facilitate Ducharme's dual function, including the hiring of additional staff and an assistant manager. Moreover, Ducharme's supervisor explicitly stated that Ducharme, even with the additional responsibilities, would not have been expected to work more than fifty hours per week. While Ducharme may have been subjectively convinced that the proposed dual roles would not be feasible and inevitably would have commanded more than fifty hours per week of his time, it is an objective standard which Ducharme must satisfy. See *Kowalski* v. *Director of the Div. of Employment Sec.*, 391 Mass. 1005, 1006 (1984) ("the claimant has the burden of proving a reasonable attempt to correct those conditions of employment which he now claims justified his leaving his employment, unless he can show that such an attempt would have been futile"). Ducharme, not having demonstrated the futility of the accommodations proposed by his employer, did not satisfy his burden. Further, although Ducharme may have been subjectively dissatisfied with the alteration of his duties, "[g]eneral stress and dissatisfaction with one's employment do not amount to urgent and compelling reasons adequate to make leaving employment involuntary." *Crane* v. *Commissioner of the Dept. of Employment & Training*, 414 Mass. at 661.

This is not a case where Ducharme "was required by his employer to perform work clearly antithetical to that for which [he] was initially employed." *Sohler* v. *Director of the Div. of*

*Employment Sec.*, 377 Mass. 785, 789 (1979). *Uvello* v. *Director of the Div. of Employment Sec.*, 396 Mass. 812 (1986). Nor did Ducharme reasonably believe he was about to be fired. See *Malone-Campagna* v. *Director of the Div. of Employment Sec.*, 391 Mass. 399, 401-402 (1984).[4] Nor is this a situation where Ducharme reasonably believed that the working conditions were detrimental to his health. See *Carney Hosp.* v. *Director of the Div. of Employment Sec.*, 382 Mass. 691 (1981).

Finally, Ducharme claims that the review examiner and the board erred when each found that he was not involuntarily discharged from his employment. In essence, Ducharme asserts that, because his move from store manager to director of training was viewed as a promotion, his resumption of store manager duties should be considered a demotion, which, in turn, should be deemed an involuntary termination.

It may be true that "if an employee, especially an executive employee, is engaged to fill a particular position, any material reduction in rank constitutes a breach of the employment agreement and is tantamount to a discharge." *Miller* v. *Winshall*, 9 Mass. App. Ct. 312, 318 (1980). See *Kravetz* v. *Merchants Distribs., Inc.*, 387 Mass. 457, 462 (1982).[5] However, on these facts, no demotion took place.

Ducharme would have remained director of training both in title and function. The only alteration in his status would have been the requirement of additional duties, beyond those he was then performing in his capacity as director of training. While

---

[4]While Ducharme does assert that he was required either to accept the proposed change or to leave, this choice was entirely his to make. The cases dealing with a reasonable belief regarding termination focus on situations where the employee has very little control over his or her continued future employment. See, e.g., *Malone-Campagna* v. *Director of the Div. of Employment Sec.*, 391 Mass. 399 (1984).

[5]It is noteworthy that both *Kravetz* v. *Merchants Distribs., Inc.*, 387 Mass. 457 (1982), and *Miller* v. *Winshall*, 9 Mass. App. Ct. 312 (1980), are not unemployment benefit cases, but rather are cases involving a claim of breach of employment contract. The distinction is a significant one. See *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 95 (1979) ("When a discharged worker seeks compensation, the issue before the board is not whether the employer was justified in discharging the claimant but whether the Legislature intended that benefits should be denied in the circumstances"). Because we conclude that the employer's actions in this case did not constitute a demotion, we need not, and do not, consider whether a demotion, standing alone, would constitute a constructive termination for the purpose of entitlement to unemployment benefits.

Ducharme may have had difficulty performing both functions, that fact did not, by itself, affect his status as director of training. Finally, Ducharme admits that, given the choice between accepting the new responsibilities or leaving the employer and receiving a severance package, he chose the latter.

The order of the District Court affirming the decision of the board of review of the Department of Employment and Training denying Ducharme's application for unemployment benefits is affirmed.

*So ordered.*