Merrick, PJ.
This is an action by a public employee union against a former member to enforce disciplinary penalties imposed by the union, to collect unpaid dues and to recover attorney’s fees as provided by the union by-laws. The trial court entered summary judgment for the union, and the defendant filed this Dist./ Mun. Cts. R. A. D. A., Rule 8C, appeal.
Defendant Steve Shoreman (“Shoreman”) has been employed by the Essex County Sheriff as a corrections officer and was a member of the plaintiff union. The union is the bargaining unit for all officers up to and including the rank of Lieutenant, and is governed by G.L.c. 150E, the Public Employee Collective Bargaining Law. Union dues are deducted by the employer from members’ salaries. While membership is not mandatory, a service fee in an amount equal to union dues is deducted from the salary of any nonmember whose employment classification places him in the represented bargaining unit.
Between October, 2000 and May 5, 2002, Shoreman’s union membership fluctuated with changes in his officer’s rank. Shoreman’s promotion to Captain in October of 2000 placed him outside union membership. On April 1, 2001, Shoreman was demoted to the rank of Lieutenant and returned to union membership. On May 5, 2002, Shoreman was again promoted to Captain and was thus again out of the bargaining unit. Shoreman’s failure to pay dues was an apparent oversight by his employer who failed to deduct either union dues or an equivalent service fee from Shoreman’s salary between April 1, 2001 and January 12, 2002. Shoreman concedes that he owes $320.00 in unpaid dues plus a $50.00 reinstatement fee.
This action arose from Shoreman’s personal conduct on one occasion while he was a union member and the union’s response to the same. On November 15, 2001, Shoreman was distraught about the way a union grievance had been settled and stated that union officials had better watch where they parked their cars because there would be a lot of broken glass and flat tires. Article XIII, §2 of the union’s by-laws sets forth a list of offenses for which a union member can be *31 charged, brought before the union’s executive board and disciplined. On December 11, 2001, Shoreman was issued written notice of a December 18,2001 hearing before the executive board which had been called to determine whether Shoreman had violated the by-laws by “unethical and threatening statements made against union officials on or about November 15, 2001.” Although he received both written and oral notice, Shoreman did not attend the hearing. On December 21,2001, the executive board found that Sherman had made the statements in question, that they constituted actual threats and that Shoreman had thereby violated §§2(b), 2(c), and 2(g) of by-law Article XIII which prohibited “gross disloyalty to the association,” “conduct unbecoming an association member” and “persecuting, injuring or otherwise harming another member in his/ her employment.”
The range of “penalties” which could be imposed by the executive board upon its finding of a violation of a union by-law were set forth in Article XIII, §4, which stated:
Penalties may include, but not limited to [sic]: reprimands, fines, suspensions, expulsions and orders to perform or refrain from performing any specific acts. Upon failing to comply with any such judgment or penalty, the member shall stand suspended. ... Any member who refuses to comply with any penalty that has been imposed upon him/ her shall be held responsible for all costs, including but not limited to attorneys’ fee(s) associated with enforcement of such penalty.
As a “penalty” for Shoreman’s threatening statements, the executive board ordered him to (1) immediately pay all outstanding union dues and a reinstatement fee, (2) issue a formal written apology to the president and executive board for the threats, (3) cease and desist from making any threats against union members or their property, and (4) pay a $100.00 fine. Shoreman was given 30 days to comply with these orders. Except for number (3) which required only passive conduct, Shoreman failed to follow any of these orders. Nor did Shoreman appeal the executive board’s decision to the president as permitted by the by-laws.
On August 30, 2002, the union commenced this action in the Salem Division of the District Court Department to obtain judicial enforcement of its orders. The union’s complaint sought, inter alia, recovery of past dues, fees and the $100.00 fine, an order enjoining Shoreman from making threats against union members or their property, an order compelling Shoreman’s written apology and an award of attorney’s fees.[1]
The trial judge allowed the union’s motion for summary judgment, and ordered Shoreman to pay $320.00 in dues and fees, to pay the $100.00 fine imposed by the board, and to refrain from making any threats to union members of personal violence or property damage. The judge also ordered Shoreman to issue a written apology within thirty days, but amended the executive board’s order by giving Shoreman the option of paying an additional $100.00 fine as an alternative to the apology. Finally, the judge awarded the union attorney’s fees in the amount of $5,500.00.
*32 1. It is well settled that a union has “the right to make appropriate by-laws for its internal management, and for the regulation of the conduct of its members toward each other in matters affecting the general interests of the body; and they may enforce obedience to such by-laws and regulations by fines or other suitable penalties.” L.D. Willcutt & Sons Co. v. Bricklayers’ Benevolent & Protective Union No. 3, 200 Mass. 110, 118 (1908).
As an incident of membership [the union member] consented to be suspended or expelled in accordance with the constitution and the rules of the union by its appropriate officers acting in good faith and in conformity to natural justice. Courts do not sit in review of decisions thus made by such officers, even though it may appear that there has been an honest error of judgment, an innocent mistake in drawing inference or making observations, or a failure to secure all information available by a more acute and searching investigation.
Snay v. Lovely, 276 Mass. 159, 163-164 (1931).
Further, “ it is clear that a union can seek external enforcement of its internal rules at least to the extent of utilizing the courts to collect fines.” National Cash Register Co. v. NLRB, 466 F.2d 945, 958 (6th Cir. 1972). The relationship between union and employee in connection with fines is a contractual matter governed by local law. National Labor Relations Board v. Boeing Co., 412 U.S. 67, 74-77 (1973). While there is no claim in this case that the $100.00 fine imposed by the executive board was excessive, we note that state courts do not seem to have hesitated to act in cases where the fines were excessive. Id. at 76 n.12. Finally, just as a breach of contract occurring while the contract is in effect may be the subject of an action brought after termination of the contract, a union may pursue a claim for fines even after the union member has resigned if the fines were imposed for conduct by the defendant while he was a union member. Booster Lodge No. 405, Int'l As ‘n. of Machinists and Aerospace Workers, 459 F.2d 1143, 1150-1152 (D.C. Cir. 1972).
Shoreman has not contested on this appeal the executive board’s order for payment of the $320.00 in dues and fees or $100.00 penalty fine. He instead charges error in the trial court’s enforcement of the remaining aspects of the union’s disciplinary order; namely, the court’s order no. 2 for an apology or an alternative payment of an additional $100.00 fine and order no. 3 to cease and desist from further threats to union members or their property.
2. As to the apology ordered by the executive board, we note that freedom of expression includes the right to remain silent. Opinion of the Justices to the Governor, 372 Mass. 874, 879 (1977). An apology is an expression of a feeling of regret and, as such, may not be compelled by state action. See Kicklighter v. Evans County School Dist., 968 F. Supp. 712, 718 (S.D. Ga. 1997); Wilkinson v. Bensalem Tp., 822 F. Supp. 1154, 1159 n.3 (E.D. Pa. 1993). This constitutional limitation on state action is to be contrasted with the right of a private organization such as a union to require an apology from a member in furtherance of its legitimate purposes or to impose a sanction within its own power in the event that the apology is not made. In Sharon v. Dir. of the Div. of Employment Sec., 390 Mass. 376 (1983), the Supreme Judicial Court held that the firing of an employee for refusal to apologize publicly for publicly insulting an executive was justified and warranted the denial of unemployment benefits. The Court did not order the apology, but merely approved the private sanction.
The judge in this case apparently recognized the difficulty of ordering an apology, and fashioned the following order no. 2 on the issue:
*33 The defendant shall be afforded thirty (30) days from the date of this judgment to issue a written apology to the plaintiff as called for in the association’s decision of December 21, 2001. At the expiration of said thirty (30) days should the defendant not comply with this portion of the association’s decision, he shall pay over to the association an additional fine of $100.00 and thereupon his apology shall be presumed and may be so entered upon the records of the plaintiff.
As noted above, courts have been held to possess the power to reduce excessive fines when called upon to collect or enforce them. There is, however, no judicial authority to impose a fine as an alternative to a penalty it could not constitutionally enforce. The judge’s order could have been deemed appropriate and enforceable if it had been made by the union’s executive board. It was not, and it must be vacated.
3. With respect to the trial court’s order for Shoreman to cease and desist from making threats of violence to union members or damage to their property, we note that there is no claim here that Shoreman violated that aspect of the executive board order while he was a member of the union. One can easily imagine a situation in which a court of equity might make a similar order. The order the union seeks to enforce in this case is its own, not an order of the court. The executive board would have no authority to bar conduct, even criminal conduct by a union member, after his membership terminates. This portion of the judge’s order, therefore, must also be vacated. Our decision as to the union’s lack of authority renders it unnecessary to consider Shoreman’s preposterous argument that criminal threats of bodily harm or property damage are protected speech.
4. The gravamen of Shoreman’s appeal, at least when viewed from an economic perspective, is that the attorney’s fees awarded were excessive. The union’s attorney filed an affidavit in support of its request for legal fees in the amount of $21,085.80. The judge reduced that figure to $5,500.00. The judge made no rulings as to the standards to be applied in assessing attorney’s fees, and Shoreman did not request such rulings. In any event, there is nothing in the record to suggest that the judge failed to apply properly the standards set forth in Cummings v. National Shawmut Bank of Boston, 284 Mass. 563, 569 (1934) and Northern Associates, Inc. v. Kiley, 57 Mass. App. Ct. 874, 882 (2003).
The record indicates that Shoreman did not appear for the disciplinary hearing before the executive board, nor did he appeal the board’s decision as permitted in the bylaws. He originally failed to answer the union’s complaint in this action and was defaulted. The union filed a motion for a default judgment some months later, and it was only at this point that Shoreman took action by filing a motion to remove the default. When the motion was allowed, Shoreman answered that he did not know the dates of his own periods of membership in the union or when he was promoted, demoted and promoted again between the ranks of captain and lieutenant. The union was compelled to depose him to establish those facts. Further, while the dues, fees and $100.00 penalty are not disputed on this appeal, they were contested by Shoreman at the outset of the case. Reportedly, an offer to pay that money was then made before the summary judgment hearing, but the money was not in fact paid and no offer of judgment was filed under Mass. R. Civ. R, Rule 68.
Despite Shoreman’s responsibility for many of the additional procedural steps which were required herein, Shoreman now argues that this case is a simple collection matter involving only a few hundred dollars and should have been brought by the union as a small claims case. Section 24 of G.L.c. 218 provides the court may preclude the recovery of costs in any civil action which *34 could have been brought as a small claims case. The procedure is, however, entirely discretionary with the trial court, and the judge in this case did not elect to follow it.
5. The union has requested appellate attorney’s fees. See Yorke Management v. Castro, 406 Mass. 17, 20 (1989). The union is hereby instructed to file with this Division the necessary affidavit of time and charges within ten days to permit our assessment and award of legal fees.
Orders numbered 2 and 3 in the Order for Entry of Judgment are vacated. The judgment is otherwise affirmed.
So ordered.

 Count I of the complaint is in the nature of a claim in contract to recover the dues, fines and other penalties imposed by the executive board. The remaining counts were captioned as claims for “Promissory Estoppel,” “Members Property Interests,” ‘Tortious Interference” and “Assault.” Those counts were waived at oral argument.