AYRES, Judge.
Plaintiff sought, of the Division of Employment Security, unemployment compensation, was found disqualified, and was denied such benefits, whereupon he sought a judicial review of that determination.. On trial, the action of the Board of Review was approved and plaintiff now prosecutes this appeal from the judgment upholding his disqualification and denying him recovery.
The question for determination is whether plaintiff left his employment without good cause connected with his employment. Only a question of fact is involved.
The facts, briefly stated, are that plaintiff worked for a Mr. Holden in 1952. While so employed, he claimed to have been injured and sought to recover workmen’s compensation. On employing a lawyer, $50' was collected.
In 1960, plaintiff was employed by the Aldridge Esso Servicenter. Soon after this. *55 employment, Mr. Holden appeared at the station and, on seeing plaintiff working, informed Mr. Aldridge of plaintiff’s claim against him. Holden admonished Aldridge to keep a close watch on plaintiff as he would likely claim a back injury from lifting a tire. To this, Aldridge replied that, if plaintiff ever claimed to have sustained a back injury while working for him, “ * * * he would never hurt his back on nobody else’s job.” Emphasis on this expression was supplied by the use of vile language. Three weeks later the bumpers of two cars became connected. On plaintiff’s endeavor to disengage them, Aldridge stopped him and remarked, to the owner of the car, that he should disconnect ■the bumpers himself as he, Aldridge, did not intend for plaintiff to strain himself, and that, if he did so and hurt himself, he would kill him. Plaintiff testified that he was, thereafter, scared to work for Mr. Aldridge.
No other incident is shown to have occurred. However, two or three days later, on Christmas Eve, plaintiff was paid his wages and a small bonus. He never again reported for work.
A person is disqualified for benefits under the Louisiana Employment Security Law, LSA-R.S. 23:1471, 23:1601(1), when “ * * * he has left his employment voluntarily without good cause * * * ” connected with his employment.
From our review of the record, we are of the opinion, as was the trial judge and the Board of Review, that plaintiff quit his work of his own accord. The fact that plaintiff continued in his employment after the occurrence of the aforesaid incidents is a circumstance of a convincing character that plaintiff did not sever his relationship with his employer through fear, but that such severance was due to his own volition.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.