WILLIAM G. KOWALSKI *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] February 23, 1984. *Employment Security*, Eligibility for benefits, Review by District Court.

The plaintiff had been a machine (extruder) operator at Deerfield Plastics Co., Inc., from October 26, 1979, to July 28, 1981, when he left his employment. He filed a claim for unemployment benefits. Following denial of his claim by a review examiner and by the board of review (board), which adopted the findings and rulings of the review examiner, the plaintiff sought judicial review by filing a petition for review in a District Court. A District Court judge affirmed, and the plaintiff appealed to this court pursuant to G. L. c. 151A, § 42.

---

[1] Deerfield Plastics Co., Inc.

The plaintiff claims that he left his job because he was harassed by his employer and because the machines to which he was assigned were defective. Following a hearing at which the plaintiff testified (he was represented by counsel), the review examiner found that for a year the plaintiff had been harassed and verbally abused by his immediate supervisor and that he left his employment "because of the constant harassment." However, the review examiner concluded that "his leaving of work [was] voluntary without good cause attributable to the employer within the meaning of § 25 (e) (1) of [G. L. c. 151A]." His conclusion was based on his findings that the plaintiff "tolerated this harassment for a considerable period" and that, though the plaintiff was a union member, he did not file a grievance.

The judge affirmed the board's decision. However, he found, contrary to the review examiner, that the plaintiff suffered no harassment. In addition, he found that the plaintiff signed a statement of termination admitting that his resignation was voluntary, though the review examiner had made no such finding.

While it appears that the judge misconstrued his role under G. L. c. 30A, § 14 (7), in making these findings, see *Keough* v. *Director of the Div. of Employment Sec.*, 370 Mass. 1, 3 (1976), we are not bound by his findings and rulings. Our function is to review the decision of the board. See *Smith College* v. *Massachusetts Comm'n Against Discrimination*, 376 Mass. 221, 224 (1978).

Although intentional harassment by a supervisor may constitute good cause, the claimant has the burden of proving a reasonable attempt to correct those conditions of employment which he now claims justified his leaving his employment, unless he can show that such an attempt would have been futile. See *Dohoney* v. *Director of the Div. of Employment Sec.*, 377 Mass. 333, 336 (1979); *Glennen* v. *Employment Div.*, 25 Or. App. 593, 595-596 (1976). Toleration of the harassment and failure to complain are factors that weigh against recovery of compensation. See *Richardson* v. *Brown*, 139 So. 2d 54, 55 (La. App. 1962) (continued employment after employer's threat of physical harm showed severance was voluntary); *Howard* v. *Board of Review*, 173 N.J. Super. 196, 198 (1980) (toleration of verbal abuse for two years precluded recovery of compensation); *Colduvell* v. *Unemployment Compensation Bd. of Review*, 48 Pa. Commw. 185, 187 (1979) (tolerance of harassment for two and one-half years with one attempt to complain precluded recovery). The board's findings that the plaintiff tolerated the harassment and failed to file a grievance are amply supported in the record and they constitute legal grounds for denying his claim.

*Judgment affirmed.*

*J. Paterson Rae* for the employee.
*Marian S. Lubinsky* for Deerfield Plastics Co., Inc.