DONNA GUARINO vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Middlesex.  May 10, 1984. — October 1, 1984.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Employment Security,* Voluntary unemployment, Eligibility for benefits,
Findings.

In an action for judicial review of a denial of unemployment benefits the
judge erred in concluding that the record of proceedings before the
review examiner in the Division of Employment Security required a
determination that the employee had sustained her burden of proof that
the termination of her employment was not voluntary. [91-93]

Although evidence before a review examiner in the Division of Employment
Security was sufficient to support the conclusion that an employee had
left work voluntarily and without good cause attributable to the employing
unit, the case was to be remanded to the examiner for further findings
responsive to the employee's contentions that she had been required to
perform work outside her normal duties as a fish packer, that she was
unable to correct this situation, and that she was therefore entitled to
terminate her employment and receive compensation. [93-94]

CIVIL ACTION commenced in the First Eastern Middlesex
Division of the District Court Department on July 3, 1981.

The case was heard by *James W. Killam, III, J.*

*Sibley P. Reppert* (*Martin A. Hall* with him) for the em-
ployer.

*William M. Leonard* for the employee.

O'CONNOR, J. The defendant Coldwater Seafood Corpora-
tion, former employer of the plaintiff, appeals from a judgment
in a District Court reversing a decision of the Division of
Employment Security (division) which had denied the plaintiff
unemployment compensation benefits. The judgment required
that benefits be awarded. We reverse the judgment of the
District Court and order the entry of a judgment remanding
this case to the division for further findings.

---

[1] Coldwater Seafood Corporation.

The plaintiff left her employment and sought unemployment benefits under G. L. c. 151A. A review examiner of the division denied her application for benefits, concluding after a hearing that the plaintiff "left work voluntarily without good cause attributable to the employing unit within the meaning of [G. L. c. 151A, § 25 (*e*) (1)]." The board of review of the division (board) denied the plaintiff's application for review, thereby adopting the review examiner's decision. G. L. c. 151A, § 41 (*c*). The plaintiff appealed, and a judge in the District Court reversed the decision of the board and ordered that benefits be awarded. The employer appeals to this court under G. L. c. 151A, § 42.

We set forth the findings of the review examiner, which were adopted by the board. The plaintiff worked as a fish packer on a packing line. Although the regular workday ended at 4:30 P.M., a condition of employment was that a fish packer would work until the supply of fish to be processed was exhausted. Overtime commenced eight minutes after 4:30 P.M. On March 12, 1981, the plaintiff and some of her coworkers walked off their line exactly at 4:30 P.M. although there was still fish to be packed. When the plaintiff reported to work on March 13, she and others involved in the incident were issued warning letters. On that day the production manager assigned the plaintiff to a different line from the one on which she had worked on the previous day. The supervisor of the line to which the plaintiff was assigned on the morning of March 13 had been "newly-hired."

The review examiner found that after forty-five minutes on the job, a disagreement arose between the plaintiff and the newly-hired supervisor having to do with "pushing" fish.[2] Pushing fish was not one of the plaintiff's duties although she had done it many times before on her own. According to the review examiner, the plaintiff "walked off the line and punched her

---

[2] It appears from testimony before the review examiner that, if there were an excess of fish on the conveyor belt at which the packers worked, the fish would tend to fall off the belt. Pushing the fish consisted of pushing it back and holding it while the belt moved. The fish was supposed to be packed at the same time it was being pushed and held.

time card before pursuing the problem with the production manager and along with the supervisor attempted to resolve the disagreement with her to no avail. The [plaintiff] went to the personnel manager to discuss the problem whereupon, he also attempted to resolve the issue again to no avail and she left the premises without requesting a transfer to other work or a leave of absence. The [plaintiff] had seen a doctor in the past for a rash but was not advised at that time to leave her work and she had no subsequent treatment for any other problem. The [plaintiff] had an unfair labor practice filed by a labor organization attempting to unionize the company but did not seek any other remedies available to her regarding working conditions prior to her leaving."

After stating his findings, which we have paraphrased in part and quoted in part, the review examiner noted in his decision: "The [plaintiff] contends that she was harassed and put under a lot of pressure and had to quit because of an attempt to obtain union recognition and although she had attempted to resolve the issue of pushing the fish a number of times before, felt that there was no point in continuing her effort because of the employer's repeated disregard of their own policy."

After noting those contentions of the plaintiff, the examiner's decision concludes as follows: "It is found that the [plaintiff] left her work because she was dissatisfied with the working conditions, that she failed to request a transfer to other work or a leave of absence, that she was not advised to leave by a physician, and that she failed to exercise all the remedies available to her regarding working conditions. It is further found that she was not harassed because of her union activity and that the employer had attempted to resolve the pushing of fish, although not to the satisfaction of the [plaintiff] and it is determined that she left work voluntarily without good cause attributable to the employing unit within the meaning of Section 25 (e) (1) of the Law."

The District Court judge's decision states that the review examiner appeared to have "ignored or not pursued" two contentions of the plaintiff: (1) she was the object of harassment by supervisors because of her union activity or at least because

she participated in a concerted protest over uncompensated overtime, and (2) she was required by supervisors to hold back fish on the conveyor belt contrary to the terms of her employment. The judge concluded that "the record requires a determination that plaintiff's termination was not voluntary but was for 'good cause attributable to [the] employing unit' and therefore denial of benefits is based on an error of law and not supported by substantial evidence." The judge reversed the findings and decision of the board and ordered the director to award benefits to the plaintiff from the date of her application.

The judge's conclusion that the record requires a determination in the plaintiff's favor and his order implementing that conclusion were erroneous. "The burden of proof as to all aspects of eligibility for unemployment benefits, including the burden of establishing good cause, rests with the worker." *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785, 788 n.1 (1979). Clearly, the evidence before the review examiner did not legally compel the conclusion that the plaintiff had sustained her burden of proof. The examiner had no obligation to believe the plaintiff's testimony. *Abramowitz* v. *Director of the Div. of Employment Sec.*, 390 Mass. 168, 173 (1983). If the judge's conclusion was based on his having been persuaded by the recorded testimony before the hearing examiner that the facts were such as to compel a determination that the plaintiff was entitled to benefits, he mistook his role. The judge does not properly act as fact finder in employment security cases. The board alone functions as the finder of the facts. *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 205 (1983). *White* v. *Director of the Div. of Employment Sec.*, 382 Mass. 596, 599 (1981). The District Court judge's function, and ours, is to determine whether the board applied correct legal principles in reaching its decision. To that end, the District Court judge, and this court on appeal, must review the board's decision to discover whether it contains sufficient findings to demonstrate that correct legal principles were applied, and must review the record to determine whether those findings are supported by substantial evidence. *Lycurgus* v. *Director of the Div. of Employment Sec.*, 391 Mass. 623,

626-627 (1984). *Smith* v. *Director of the Div. of Employment Sec.,* 376 Mass. 563, 564-566 (1978).

Although we are satisfied that there was substantial evidence before the review examiner which would have supported subsidiary findings justifying the conclusion that the plaintiff left her work voluntarily and without good cause attributable to the employing unit, we are not satisfied that such findings were made. We do not agree with the judge that the review examiner and the board ignored or failed to pursue the plaintiff's contention that she was being harassed because of her union activities. The examiner specifically rejected that contention. However, the findings do not adequately dispose of the plaintiff's contention that she had been required by her supervisors to "push" fish on the conveyor belt, although that was not one of the duties of a packer, and that that condition was not correctible. The examiner found that pushing fish was not one of the plaintiff's duties. Also, from the finding that on March 13, 1981, there was a disagreement between the plaintiff and the new supervisor about that subject, it may fairly be inferred that the supervisor on that occasion had insisted that the plaintiff push fish and that the plaintiff resisted. If the plaintiff was required by her employer to perform work that was "clearly antithetical to that for which she was initially employed," she might have been entitled to terminate her employment and receive unemployment benefits, *Sohler* v. *Director of the Div. of Employment Sec., supra* at 789, but she must prove that she made a reasonable attempt to correct that situation or that such an attempt would have been futile. See *Kowalski* v. *Director of the Div. of Employment Sec.,* 391 Mass. 1005, 1006 (1984).

The thrust of the review examiner's decision appears to be that the plaintiff quit her job rather than taking reasonable steps to assure that she would not be required to perform duties not called for by her employment. The findings indicate that at least on the last day of her employment the plaintiff pursued the problem with the production and personnel managers, whose attempts at resolution failed, and that she left her employment without requesting a transfer to other work or a leave

of absence and without "exercis[ing] all the remedies available to her regarding working conditions." We reject the notion that in order to be eligible for benefits an employee must request a transfer to other work or a leave of absence. In any event, there should have been findings concerning prior instances and complaints, concerning what transpired between the plaintiff and the production and personnel managers on March 13, 1981, and with respect to whether in light of all the circumstances the plaintiff was given reason to believe either that she would, or that she would not, be required to push fish in the future. Findings, permissible on the evidence, concerning remedies available to the plaintiff but not pursued by her, should be set forth. Without findings on these matters, the board's decision falls short of demonstrating that correct legal principles were applied in arriving at the conclusion, as the review examiner and the board did, that the plaintiff left work voluntarily and without good cause attributable to the employing unit.

The decision of the District Court is reversed. Judgment is to be entered remanding this case to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*