REY LEMAINE *vs.* CITY OF BOSTON. No. 88-P-973. July 17, 1989.
*Motor Vehicle*, Parking. *Administrative Law*, Substantial evidence, Judicial review. *Evidence*, Prima facie evidence. *Constitutional Law*, Confrontation of witnesses.

What is involved here is a parking ticket. There have already been levels of administrative and judicial review.

1. *Substantial evidence of the offense.* Under G. L. c. 90, § 20A ½, as amended through St. 1984, c. 189, § 64, a person charged with a parking offense may claim a hearing before the parking clerk of the city or town wherein the violation was said to occur. See particularly the third and seventh paragraphs of § 20A ½. LeMaine, the driver of a vehicle[1] ticketed on October 29, 1986,[2] for parking in a no stopping or standing zone, received his statutory hearing and obtained an adverse result. A hearing officer from the office of the parking clerk found that the ticket had been validly given. Thereupon LeMaine sought judicial review, as he was entitled to do, under the State Administrative Procedure Act. G. L. c. 30A, § 14. See *Crawford* v. *Cambridge*, 25 Mass. App. Ct. 47, 50 (1987). A judge of the Superior Court concluded that the administrative record supported the decision of the parking clerk and ordered entry of judgment in favor of the city of Boston. LeMaine has appealed.

To the extent that the administrative agency ruling is one of fact, it stands if supported by substantial evidence. *Dohoney* v. *Director of Div. of Employment Sec.*, 377 Mass. 333, 337 n.3 (1979). *Arthurs* v. *Board of Reg. in Medicine*, 383 Mass. 299, 304-305 (1981). *Buckley Nursing Home, Inc.* v. *Massachusetts Commn. Against Discrimination*, 20 Mass. App. Ct. 172, 175 (1985). The pivotal factual question was whether the space in which LeMaine left his car was at that time restricted against parking — and posted as such. The parking clerk's experience and specialized knowledge of ticketing practices and methods of posting temporary parking bans was entitled to due weight. G. L. c. 30A, § 14(7). *Burlington* v. *Labor Relations Commn.*, 12 Mass. App. Ct. 184, 186 n.2 (1981), and cases cited.

---

[1] The vehicle was registered to LeMaine's wife.

[2] The parties agree that is the date of issuance of the ticket. The time was 11:15 A.M. The date on a photocopy of the file copy of the ticket, which appears in the appellee's record-appendix, is difficult to read.

An aspect of the proceedings before the hearing officer which is disquieting is that he seemed to reverse the burden of proof by saying that LeMaine, the putative offender, was bound to prove that there was no restricting sign on the stretch of Cambridge Street where LeMaine had parked. It is unlikely, however, that the hearing officer had legal training (parking clerks in Boston, pursuant to G. L. c. 90, 20A ½, first par., are preferentially drawn from the fire, police, or traffic crossing guard service), and his comments need to be taken in a common sense fashion, rather than literally. In context, what the hearing officer seems to have meant is that the ticket under G. L. c. 90, 20A ½, fifth par., was prima facie evidence of the offense charged, and that he was not prepared to believe that the offense had not been committed just because LeMaine and a friend, who also testified, had denied the existence of restrictive signs.

As to the prima facie force of the parking ticket, the government is correct. It is the duty of a police officer "to give the offender a notice, which shall be in tag form." G. L. c. 90, 20A ½, second par. The tag is to be affixed to the motor vehicle. G. L. c. 90, 20A ½, third par. The police retain a copy of the notice (i.e., the ticket), and deliver a second copy to the parking clerk. G. L. c. 90, 20A ½, fourth par. "[A] certificate of the officer affixing such notice that it has been affixed thereto . . . shall be deemed prima facie evidence thereof and shall be admissible in any judicial or administrative proceeding as to the facts contained therein." G. L. c. 90, 20A ½, fifth par. The certificate referred to is the second copy of the ticket, which is delivered to the parking clerk. By the terms of the third paragraph of § 20A ½, the ticket must contain, among other items of information, a description of the vehicle, its registration number, the date, time, and place of the violation, the specific violation charged, and the name and badge number of the officer who gave the ticket. The ticket/certificate, thus, describes and serves as prima facie evidence of the offense.

Prima facie evidence, if not rebutted, compels a finding in accordance with it, i.e., it cannot be disbelieved. *Pahigian* v. *Manufacturers' Life Ins. Co.*, 349 Mass. 78, 85 (1965). *Ford Motor Co.* v. *Barrett*, 403 Mass. 240, 243 (1988). Liacos, Massachusetts Evidence 54 (5th ed. 1981). If, as was here the case, it is rebutted, the prima facie evidence does not lose all its effect — it does not cease to exist — as would be the case with a technical presumption, but retains evidentiary status sufficient to take the case to the finder of fact. *Id.* at 54-55.

LeMaine's rebuttal was that amid a row of parking meters on Cambridge Street in Boston which had been capped, he found an uncapped one, parked there, fed the meter with coins, and returned with time still running on the meter. He testified he saw no nearby restrictive signs. The hearing officer was hardly bound by that evidence to find that restrictive signs had not been posted at reasonable intervals. It was open to the hearing officer to add to the prima facie effect of the ticket the admission of a witness called by LeMaine that there were restrictive signs at other portions along the

curve of Cambridge Street across from City Hall Plaza. There were also admissions that meters on that day were generally capped. The hearing officer could infer that restrictive signs accompanied the capping of the meters (in connection with a Red Sox celebration on City Hall Plaza) and that if a cap had been removed from a meter, the plaintiff was disingenuous in saying he assumed it was all right to park in that particular space. The evidence was such as a reasonable mind might accept to support the conclusion that LeMaine had parked illegally. See G. L. c. 30A, § 1(6); *Craven* v. *State Ethics Commn.*, 390 Mass. 191, 201 (1983).

2. *Right of confrontation.* LeMaine did not have a constitutional right to confront the officer who wrote the ticket. See Sixth Amendment to the Constitution of the United States; art. 12 of the Massachusetts Declaration of Rights. Proceedings concerning parking violations are, by statutory definition, not criminal. G. L. c. 90, § 20C. Indeed, hearings on parking tickets "shall be informal, the rules of evidence shall not apply . . .". G. L. c. 90, § 20A ½, seventh par. Cf. *Murphy* v. *Superintendent of M.C.I., Cedar Junction*, 396 Mass. 830, 832 (1986). Nothing prevented LeMaine from summoning the officer, who had identified herself on the ticket, as she was bound to do.

3. *Denial of right to present witnesses.* The entire record of LeMaine's hearing before the parking clerk was before the Superior Court judge. In view of that, the judge correctly denied a request by LeMaine to call witnesses in the Superior Court proceeding. Judicial review of administrative proceedings is confined to the record, unless procedural irregularity before the agency is alleged. G. L. c. 30A, § 14(5). *Rico's of the Berkshires, Inc.* v. *Alcoholic Beverages Control Commn.*, 19 Mass. App. Ct. 1026, 1026 (1985). LeMaine has not argued that there were any irregularities in the administrative procedure which are not shown on the record.

*Judgment affirmed.*

*Rey LeMaine*, pro se.
*Thomas G. Bradley*, for the city of Boston, submitted a brief.