Donohue, J.
Pursuant to G.L.c. 30A, §14,[1] plaintiff John E. Mole, M.D. filed this action seeking judicial review of the Board of Trustees of the University of Massachusetts Medical School’s decision to revoke his tenure and terminate his employment. Plaintiff now moves for judgment on the pleadings requesting reversal of the decision. For the following reasons, plaintiffs motion is DENIED and the decision of the Board of Trustees is AFFIRMED.

BACKGROUND

Mole was appointed Associate Professor and Director of the Protein Core Laboratoiy at the University of Massachusetts Medical School in 1981. Mole was granted tenure in 1984 and promoted to full professor in 1987. During the academic years from 1987 to 1990, Mole allegedly received consistently low ratings as a professor from his students. In 1991, Mole was relieved of all his teaching responsibilities.
In 1994 and 1995, Mole allegedly received unfavorable evaluations from an ad hoc committee of faculty. As a result, Mole suffered salary reductions of 17.5% each year.
In April 1997, Chancellor Aaron Lazare notified Mole that, pursuant to Section 5.2 of Trustee Document T64-061, he was recommending to the Personnel Action Committee that Mole be removed from his position with the University. Following a report from the Personnel Action Committee, University President William M. Bulger recommended the removal of tenure and dismissal of Mole from the faculty. Mole was informed of the recommendation by letter dated January 8, 1998 and notified of his right to a hearing regarding these actions.
A four day hearing was conducted between April and December of 1998 by an Ad Hoc Committee on Personnel and Diversity. On April 30, 1999, the committee issued a report recommending revocation of. Mole’s tenure and his dismissal from the University. Mole was provided a copy of the report and he was informed that the report would be presented to the Board of Trustees for its consideration and action on May 5, 1999. He was notified that any response he wished to submit must be received by May 4, 1999 at noon. Mole requested an extension of the May 4th deadline, however, the request was denied. Despite protests that he was not afforded enough time to respond, Mole submitted a response before the required deadline.
On May 5, 1999, Mole was notified that on that same day the Board of Trustees, pursuant to the provisions of part II, article 5.2 of Trustee Document T64-061, voted to remove him from his tenured position and to dismiss him from the University. Prior to this vote, the Board also voted to rescind the dismissal procedures of tenured faculty in T64-061 and adopt the dismissed procedures in T99-049.
On June 7, 1999, pursuant to G.L.c. 30A, §10, Mole requested a rehearing before the full Board of Trustees. On June 15, 1999, the request was denied by the Board as no administrative appeal was available. Mole filed for judicial review on July 15, 1999.

DISCUSSION

A court ruling on a complaint for judicial review under G.L.c. 30A is confined to the record of the *582 administrative hearing unless procedural irregularities are alleged. G.L.c. 30A, §14(5); LeMaine v. City of Boston, 27 Mass.App.Ct. 1173, 1174 (1989). The court also is required to give due weight to the agency's experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A §14(7); Jodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997). The court may not substitute its own judgment for that of the agency, “even though the court would justifiably have made a different choice if the matter had been before it de novo.” South Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n., 386 Mass. 414, 420 (1982). Nor may the court disturb the credibility determinations of the hearing officer or his weighing of the evidence. Guarino v. Director of the Division of Employment Security, 393 Mass. 89, 92 (1984). The party appealing the decision bears the burden of demonstrating its invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab., 27 Mass.App.Ct. 470, 474 (1989).
Mole alleges that the Board of Trustees’ decision to terminate his position at the University was in violation of his constitutional right to due process of law and made upon unlawful procedure. Specifically, Mole asserts the following procedural errors: (1) not all of the members of the ad hoc committee were present at each day of his termination hearing; (2) there is no indication that the Board of Trustees read or heard the evidence presented at the hearing before reaching its final decision; (3) he was allowed insufficient time in which to present his case; (4) the committee’s report recommending his termination was inadequate; (5) he was not afforded sufficient time in which to respond to the report; and (6) the Board’s vote to terminate his position was taken under a procedural rule that did not exist at the time of the vote. The court will address each alleged procedural error in turn.

1.Absence of Committee Members

The administrative record indicates that the Ad Hoc Committee on Personnel and Diversity was comprised of four individuals, Heriberto Flores, Christy Mihos, Grace Fey and Charles Hoff, who heard testimony on four hearing days between April and December of 1997. See Pi’s Ex. K, p.2. The chairman of the Committee, Flores, was present on all four days of the hearing. See Pl.’s Ex. I. Mihos and Fey, were present for some of the hearing. See id. Hoff did not attend any of the hearing, however, he did not take part in the committee’s decision. See Pl.’s Ex. K, p.2.
Mole asserts that the hearing was procedurally in error since the majority of the members did not attend a majority of the hearing. The court disagrees.
" There is nothing in the record nor has Mole presented any additional evidence indicating that all committee members must be present for a dismissal hearing. Trustee Document T64-061, under which Mole was terminated, provides that G.L.c. 30A, §§11 and 12 govern the conduct of a dismissal hearing. There is nothing in G.L.c. 30A requiring all members of a committee to be present for an adjudicatory hearing. In fact, §11(7) allows the officials of an agency to render a final decision upon a reading of the evidence. Here, the record indicates that “all members [of the ad hoc committee] . . . had the opportunity to review the hearing transcripts, the documentary evidence and the written arguments on behalf of the Chancellor and Dr. Mole.” Pl.’s Ex. K. Thus, the court finds no procedural error based on this ground.

2.Whether Each Member Read or Heard the Evidence

G.L.c. 30A, §11(7) requires that a certain procedure be followed if a “majority of the officials of the agency who are to render the final decision have neither heard nor read the evidence ...” Mole asserts that the Board of Trustees violated this procedure since there is no indication whether each member read or heard the evidence before reaching the final decision. The court disagrees.
The record indicates that the Board was presented with a copy of the report issued by members of the ad hoc committee before its final vote on May 5, 1999. See Pl.’s Ex. K. This report contains a detailed description of the evidence and testimony presented at Mole’s hearing. See id. Thus, the court finds that the Board read the evidence before reaching its final decision and Mole has failed to show a procedural error based on this ground.

3.Sufficiency of Time to Present his Case

Mole asserts that he was not afforded sufficient time in which to present his case. He alleges that he was forced to put on his case in one day, whereas the University was allowed three days to present its case.
The record indicates that Mole was represented by counsel at the four day hearing. See Defs Ex. A. His counsel presented an opening statement and was allowed to thoroughly cross-examine all witnesses. See id. Mole was afforded the opportunity to present witnesses and introduce evidence in his own behalf. See id. Following the close of the hearing and prior to the committee’s decision, Mole was allowed to submit a written summary of the evidence in the form of a closing argument. See id. Mole has presented no evidence that he was “forced” to set forth his case in only one day. In fact, the record indicates that Chairman Flores was particularly concerned with conducting an impartial hearing at which Mole had a sufficient opportunity to present his case. See id. Thus, the court finds no procedural error based on this ground.

4.Committee’s Report

Pursuant to G.L.c. 30A, §11(7), ”[i]f a majority of the officials of the agency who are to render the final decision have neither heard nor read the evidence, such decision . . . shall be made only after (a) a tentative or proposed decision is delivered or mailed *583 to the parties containing a statement of reasons and including determination of each issue of fact or law necessary to the tentative or proposed decision; and (b) an opportunity is afforded each party adversely affected to file objections and to present argument, either orally or in writing as the agency may order, to a majority of the officials who are to render the final decision.” Mole asserts that the Board of Trustees did not follow this procedure. The court disagrees.
This court previously found that the Board read the evidence before reaching its final decision. See §2, supra. Thus, there was no need for the Board to follow the procedure outlined in §11(7). Nonetheless, the court finds that the Board did follow the proper procedure.
The record indicates that on April 30, 1999, Barbara DeVico, Secretary to the Board of Trustees, forwarded to Mole a copy of the ad hoc committee’s report which was to be presented to the Board on May 5, 1999. Pi’s Ex. K. The report thoroughly indicates the reasons for Mole’s dismissal. See id. Furthermore, Mole was afforded the opportunity to respond to the report in writing by May 4, 1999. See id.
Contrary to Mole’s assertion, it is of no consequence that the ad hoc committee rather than the Board itself drafted the report. Section 11(7) only requires that a tentative or proposed decision be delivered to Mole. It does not require that such decision be drafted by the Board itself. Such a requirement would be futile in this instance given the fact that the Board is deciding whether to adopt the findings and recommendation of the ad hoc committee and did not itself conduct a hearing on the matter. Thus, the court finds no procedural error based on this ground.
5. Sufficient Time to Respond to Committee’s Report
Under G.L.c. 30A, §11(7), Mole is afforded the opportunity to file an objection to the ad hoc committee’s report recommending his dismissal. The record indicates that on April 30, 1999, Mole was notified that he was required to submit any objection he had to the report by noon on May 4, 1999. See Pl.’s Ex. K. That same day, Mole requested an extension of the May 4th deadline stating that he could not respond by that date because his counsel was scheduled to begin a three-day jury trial in Nantucket County on May 3rd. See Pi’s Ex. L. The Board denied his request on May 3, 1999. See Pi’s M. Despite protests that he was not afforded enough time to respond, Mole submitted a response before the May 4th deadline. See Pi’s Ex. N.
Mole now alleges that he was not afforded sufficient time to respond to the committee’s report. The court disagrees.
Section 11(7) merely allows each party an opportunity to respond to the agency’s proposed decision. It does not set forth a specific time frame in which to respond. Due process dictates that Mole be afforded “an opportunity to be heard at a meaningful time and in a meaningful manner.” Matter of Tobin, 417 Mass. 92, 101 (1994). In this instance, the Board was scheduled to take action on the matter on May 5, 1999. Mole was notified on April 30, 1999 that he had until May 4, 1999 in which to respond. Despite an objection to the May 4th deadline, Attorney Sultan, co-counsel in the action who was present at each day of Mole’s hearing, submitted a thorough response before the deadline. Thus, the court finds that Mole was afforded an opportunity in which to respond to the committee’s report in a meaningful time and a meaningful manner and Mole has failed to show a procedural error based on this ground.

6. The Board’s Vote to Dismiss Mole Pursuant to T64-061

On May 5, 1999, the Board voted to approve the procedures for dismissal of tenured faculty in T99-049 and to rescind the procedures set forth in T64-061. See PI. ‘s Ex. O. On that same date, the board later voted to remove Mole, pursuant to T64-061, from his position at the University. See id.
Mole alleges that his dismissal was based on a procedural error since on May 5, 1999, T64-061 was repealed and replaced by T99-049 prior to the Board’s vote of dismissal. Mole contends that the procedures contained in T64-061 were outdated and failed to provide a fair and complete hearing and thus, he should be afforded a new hearing under T99-049. The court disagrees.
Document T64-061 was in effect throughout the entire process of Mole’s discharge proceedings. Mole was provided with all the procedure that was due under T64-061. As of May 5, 1999, the ad hoc committee, after a lengthy and thorough hearing, had recommended Mole’s dismissal. Other than the Board’s final vote approving the committee’s recommendation, the procedure set forth in T64-061 was complete. This procedure provided Mole with more than an adequate opportunity to be heard in a meaningful time and in a meaningful manner. Thus, the court finds no procedural error on this ground.

CONCLUSION

Accordingly, for the above reasons, the court finds that the decision by the Board of Trustees of the University of Massachusetts Medical School Center revoking Mole’s tenure and dismissing him from his position was not made upon unlawful procedure or in violation of his right to due process of law.[2]

ORDER

Plaintiffs motion for judgment on the pleadings is DENIED and the decision of the Board of Trustees of the University of Massachusetts Medical School is AFFIRMED.

Under G.L.c. 30A, §14(7), the court may set aside or modify an agency decision if it is: (a) in violation of constitutional provisions; (b) in excess of the statutory authority or *584 jurisdiction of the agency; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court on the record as submitted; or (g) arbitrary or capricious or an abuse of discretion.

Since the court finds that Mole’s dismissal was warranted on these grounds, it need not address the Board’s assertions that Mole has failed to show that his substantial rights were violated and that his appeal is untimely.