Fremont-Smith, Thayer, J.
Plaintiff, John Catucci, seeks judicial review, pursuant to G.L.c. 30A, §14, of a Firearms Licensing Review Board (“FLRB”) decision which denied his petition to renew a license to carry firearms pursuant to G.L.c. 140, §131.
General Laws c. 140, §131(d)(i) provides that an applicant for a license is disqualified if he has been convicted of a felony or of a misdemeanor punishable by imprisonment for more than two years. Catucci’s only disqualifying conviction was in 1971 when he engaged in a fist-fight with a man who was dating his girlfriend, resulting in the other man’s hospitalization. He pled nolo contendere to assault and battery and was fined $100 and placed on probation. Assault and battery is punishable by imprisonment for up to 2 1/2 years under c. 265, §13A, so it is a disqualifying conviction.
He was, therefore, disqualified based on the conviction unless he could convince the FLRB, by “clear and convincing evidence,” that he is now a suitable person to carry a firearm. G.L.c. 140, §130B(d).
*386 The FLRB was free to consider, as it did, the other evidence as to his suitability, including his untruthful denials on his 2009 application for a license that he had ever been convicted, and his having pled guilty to disorderly conduct in 1979. The Board also considered that he had been careless in his unexplained loss of a handgun on a past occasion.[1]
The Board’s doubts as to plaintiffs suitability were not overcome by a letter from the licensing authority (the Malden Chief of Police) which had denied his application based on his disqualification, which stated that “(d]ue to the fact that it has been 38 years with no other incidents on this record, I have no objections to him receiving his license to cany.” The Board denied Catucci’s appeal.
Under Chapter 30A, judicial review is limited and confined to the administrative record. G.L.c. 30A, §14. Decisions of an administrative body “may only be overturned if the courts find that the decision is unsupported by substantial evidence, in excess of statutory authority, based upon an error of law, or arbitrary or capricious.” G.L.c. 30A, §14; Connolly v. Suffolk County Sheriff's Dept., 62 Mass.App.Ct. 187, 192 (2004). Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6).
The court, moreover, “shall give due weight to the experience and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992) (quoting G.L.c. 30A, §14(7)). As long as substantial evidence supports an agency’s findings, the court “may not displace an administrative agency’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.” Connolly, 62 Mass.App.Ct. at 193-93. In part, this deference is due to the fact that the agency is able to observe a witness’ demeanor and is under no obligation to believe an applicant’s testimony. Guarino v. Director of the Div. of Employment Sec., 393 Mass. 89, 92 (1984).
Based on the above, the court finds that Catucci has not shown the FLRB’s decision to have been unsupported by substantial evidence, based upon an error of law, or arbitrary or capricious.
Catucci further argues that the FLRB’s decision not to renew his license violates the Second Amendment to the United States Constitution.[2]
In McDonald v. Chicago, 130 S.Ct. 3020, 3036 (2010), the Supreme Court held that, as “(s)elf-defense is a basic right, recognized by many legal systems from ancient times to the present day,” the Second Amendment requires that “citizens must be permitted to use handguns for the core lawful purpose of self-defense.” States, moreover, are forbidden to deprive any person of this right by the Fourteenth Amendment to the Constitution of the United States, as the right to bear arms is among those rights which are “the very essence of a scheme of ordered liberty” and essential to “a fair and enlightened system of justice.” Id. at 3032, quoting Palko v. Connecticut, 302 U.S. 319, 325 (1997).
McDonald, however, did not disturb the following holding in District of Columbia v. Heller, 128 S.Ct. 2783, 2816-17 (2008):
nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[3] and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
As recognized by McDonald while an across-the-board ban of firearms is unconstitutional, it remains permissible to seek to keep firearms out of the hands of irresponsible persons. Ruggerio v. Police Comm’r of Boston, 18 Mass.App.Ct. 256, 258 (1984). See U.S. v. Rene E., 583 F.3d 8 (1st Cir. 2009) (upholding federal ban on juvenile possession of handguns under Heller); U.S. v. Skoien, No. 08-3770, 2010 WL 2735747 (7th Cir. July 13, 2010) (enbanc) (upholding federal statute disqualifying individuals from possessing firearms who have received misdemeanor convictions for domestic violence).
Furthermore, the Massachusetts statute did not per se disqualify Catucci due to his assault and battery conviction. Instead, the statute afforded him the opportunity to appear before the FLRB and overcome his disqualification by presenting clear and convincing evidence of his suitability under G.L.c. 140, §131, which he was unable to do.
The Heller court held that
Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to cany it in the home (emphasis added).
In this case, it is uncontested that Catucci was so disqualified, so that if the finding of Catucci’s present unsuitability for a gun permit by the FLRB was not otherwise shown by him to be unsubstantiated, as it was not, the Board’s decision must be upheld.
ORDER FOR JUDGMENT
Accordingly, the court DENIES Plaintiffs Motion for Judgment on the Pleadings, and ORDERS that final judgment shall be entered for the defendant dismissing the action.

 Catucci claimed that he had left his gun in his car which was allegedly stolen from a parking lot.

 The Second Amendment states: “[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.”

 The Supreme Court did not address the permissibility of a statute, such as that in Massachusetts, which disqualifies those convicted of a serious misdemeanor, as opposed to a felony, but a decision of the 7th Circuit since Heller does find such a restriction permissible. See U.S. v. Skoien at p.4, infra.