82 Mass. App. Ct. 701 (2012)                    701

Den Herder *v.* Director of the Division of Unemployment Assistance.

GREGORY DEN HERDER *vs.* DIRECTOR OF THE DIVISION OF UNEMPLOYMENT ASSISTANCE & another.[1]

No. 11-P-1455.

Suffolk. June 1, 2012. - October 25, 2012.

Present: CYPHER, KAFKER, & GRAHAM, JJ.

*Employment Security,* Eligibility for benefits, Judicial review, Partnership, What constitutes employment. *Administrative Law,* Judicial review.

A Boston Municipal Court judge properly affirmed a decision of the Division of Unemployment Assistance that a claimant was not eligible, under G. L. c. 151A, § 24, to receive unemployment benefits because he was a part owner, rather than an employee, of the employing unit (a limited partnership) that laid him off [703-704]; further, there was no merit to the claimant's argument that he should have been deemed an employee eligible to receive unemployment benefits merely because the employing unit had provided him with W-2 forms [704].

CIVIL ACTION commenced in the Central Division of the Boston Municipal Court Department on March 28, 2011.

The case was heard by *Mark H. Summerville,* J.

*Liam C. Floyd* for the plaintiff.

*Benjamin J. Weber,* Assistant Attorney General, for the defendants.

GRAHAM, J. This is an appeal by the claimant, Gregory Den Herder, from a judgment of the Boston Municipal Court summarily affirming a decision of the Division of Unemployment

---

[1]Director of the Executive Office of Labor and Workforce Development.

Effective March 27, 2011, the day before the complaint was filed, the Division of Unemployment Assistance became the Department of Unemployment Assistance; on the same date, the Department of Labor and Workforce Development became the Executive Office of Labor and Workforce Development, headed by an official titled the Secretary of Labor and Workforce Development. See G. L. c. 23, § 1, as amended through St. 2011, c. 3, § 17. For convenience we shall refer to the defendants as originally identified in the complaint.

Assistance denying him unemployment benefits because he was a part owner of the employing unit (a limited partnership) that laid him off. The claimant argues that the judge failed to apply the appropriate legal standard and to consider unrebutted evidence that he had been treated by the partnership as an employee on W-2 forms and had been paid substantial compensation for the period prior to his termination. We affirm.

*Background.* The relevant facts are not in dispute. The claimant was one of two partners in Helvetica Group Investments, LLC (HGI).[2] HGI, in turn, was a partner in, and had a seventy-eight percent interest in, Helvetica Group Limited Partnership (HGLP), which did business as 33 Restaurant & Lounge. HGLP had eight partners, including HGI.[3]

The claimant was the managing partner of HGLP and oversaw operations of the restaurant. HGLP reported paying wages to the claimant of $15,384 in the fourth quarter of 2009 and $12,307.68 in the first quarter of 2010. The claimant was laid off on March 1, 2010, and filed for unemployment benefits on July 4, 2010. Initially, he was awarded unemployment benefits; however, on September 1, 2010, the division reviewed his claim and determined him to be ineligible to receive benefits because he was part owner of the restaurant. The claimant filed a timely appeal of that decision.

After hearing, a review examiner determined that the claimant, as a voting partner in the employing partnership, could not simultaneously be its employee and, therefore, did not earn qualifying wages as defined in G. L. c. 151A, § 1($k$). The review examiner concluded that, because the claimant had no other income during the base period, he failed to earn the minimum amount of base period wages required under G. L. c. 151A, § 24, and was "not monetarily eligible" for benefits.[4]

---

[2]The claimant testified that he had a thirty percent ownership interest in HGI, and Igor Blatnik had a seventy percent ownership interest. Blatnik contributed most of the funds to HGI, and was entitled to one hundred percent of the profit, loss, and capital of HGI until the repayment of his investment.

[3]Both HGI and HGLP filed tax returns as partnerships.

[4]To be eligible for unemployment benefits, an individual must have been paid wages during the base period amounting to at least thirty times the weekly benefit rate and totaling at least $3,300. G. L. c. 151A, §§ 1, 24(*a*). Under the statute, "[w]ages" are "every form of remuneration of an employee

The claimant appealed to the division's board of review, which denied his application for review.

*Discussion.* "The agency's decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." *Coverall N. America, Inc.* v. *Commissioner of the Div. of Unemployment Assistance,* 447 Mass. 852, 857 (2006). We " 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.' G. L. c. 30A, § 14(7)." *Ibid.* The relevant question here is "whether the board applied correct legal principles in reaching its decision." *Guarino* v. *Director of the Div. of Employment Sec.,* 393 Mass. 89, 92 (1984).

"An employer is required to contribute to the unemployment compensation fund under G. L. c. 151A if an employment relationship exists between the 'employing unit' and the individual providing services to the employer" (footnote omitted). *Coverall N. America, Inc.,* 447 Mass. at 856. An "[e]mploying unit" is defined under G. L. c. 151A, § 1(*j*), to include "any partnership" that has "one or more individuals performing services for . . . it within this commonwealth." In turn, under G. L. c. 151A, § 1(*k*), "[e]mployment" is defined as "service . . . performed for wages or under any contract, oral or written, express or implied, by an employee for his employer."

Under an analogous statutory scheme, the worker's compensation statute, G. L. c. 152, working partners are not employees. See *Ryder's Case,* 341 Mass. 661, 665 (1961). In that case, the court reasoned that, because a partnership is "the aggregate of the individuals making it up, a partner-employee would also be an employer." See also 4 Larson, Workmen's Compensation Law, at 76-1 (2004) ("Members of a partnership . . . cannot be employees . . . since there is no separate business entity that can be called the employer").

The cases cited by the claimant to the contrary are distinguishable because they all concerned corporations as employing

___

. . . for employment by an employer." G. L. c. 151A, § 1(*s*)(A). The claimant received no income from any other employment during the base period, July 1, 2009, to July 3, 2010.

units. Corporations, unlike partnerships, are treated as separate legal entities for the purposes of the unemployment compensation statute. *Spaneas* v. *Travelers Indem. Co.*, 423 Mass. 352, 354 (1996) ("A corporation is an independent legal entity, separate and distinct from its shareholders, officers, and employees"). Therefore, a corporate shareholder may be an employee and qualify for unemployment benefits provided other conditions are met. Cf. *Jahn* v. *Director of the Div. of Employment Sec.*, 397 Mass. 61, 63 (1986).

Finally, we find no merit to the claimant's argument that he should have been treated as an employee of the restaurant because it provided him with W-2 forms. See *Boston Bicycle Couriers, Inc.* v. *Deputy Director of the Div. of Employment & Training*, 56 Mass. App. Ct. 473, 484 (2002) (mere fact that employers labeled workers as independent contractors did not transform them from being employees).

*Judgment affirmed.*