The plaintiff, Kelly A. Berard, appeals from a District Court judgment affirming a decision of the board of review (board) of the defendant Department of Unemployment Assistance (DUA), which had denied Berard's claim for unemployment benefits. We affirm.
Timeliness of appeal. As a threshold matter, we have some doubt whether this appeal is properly before us. The governing statute provides, "Notice of appeal shall be filed in the office of the clerk of the district court within thirty days after entry of the judgment by the clerk. The completion of such appeal shall be made in accordance with the Massachusetts Rules of Appellate Procedure." G. L. c. 151A, § 42, inserted by St. 1990, c. 154, § 30. Berard did not file her notice of appeal within thirty days of the entry of the District Court judgment. The clerk-magistrate issued a notice stating that "the appeal is late" and that Berard "should file a motion to file a late appeal." Berard filed such a motion. DUA did not oppose it; rather, DUA submitted a letter to the District Court citing Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), and informing the court that the issue before it was "whether [Berard] has made a showing of excusable neglect." The judge found excusable neglect and allowed the motion.
Decisional law suggests that a "statutory appeal period ... cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute." Friedman v. Board of Registration in Med., 414 Mass. 663, 665 (1993). See Harper v. Division of Water Pollution Control, 412 Mass. 464, 465 (1992). Moreover, such statutory appeal periods have been called "jurisdictional." Friedman, supra at 666. See Morales v. Appeals Ct., 427 Mass. 1009, 1010 (1998) (Appeals Court "had no authority to grant an extension of time for filing" appeal beyond statutory seven-day period required by G. L. c. 261, § 27D ).
Conversely, in a case brought under a prior version of the very statute at issue here, the court noted that "[a]s part of the legislation to harmonize the statute law with the new rules of civil and appellate procedure," the statute was amended in 1973 to add a reference to the Massachusetts Rules of Appellate Procedure. Schulte v. Director of the Div. of Employment Security, 369 Mass. 74, 81 n.5 (1975). While not deciding "just how far the new rules will affect appeals under § 42," the court noted that "the policies of these rules should be taken into account in deciding procedural questions arising under § 42." Ibid.
For the purposes of this appeal, we will assume without deciding that the District Court judge properly took into account the policies of the appellate rules. We are reluctant to dismiss the appeal as untimely where the DUA took the position that an enlargement of time for excusable neglect was permissible; Berard is proceeding pro se and, consequently, this important issue has not been adequately briefed;[3] and, in any event, we affirm the judgment on the merits.
Review of board's decision. Our review of the board's decision is governed by G. L. c. 30A, § 14(7). See G. L. c. 151A, § 42. We must "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Cape Cod Collaborative v. Director of the Dept. of Unemployment Assistance, 91 Mass. App. Ct. 436, 440 (2017), quoting from G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3. We review to determine whether the board applied appropriate legal principles in making its decision, and we accord deference to the board's factual findings, as "[t]he board alone functions as the finder of the facts." Guarino v. Director of the Div. of Employment Security, 393 Mass. 89, 92 (1984). To be valid, the board's decision must be supported by substantial evidence. See ibid. See also Subcontracting Concepts, Inc. v. Commissioner of the Div. of Unemployment Assistance, 86 Mass. App. Ct. 644, 646 (2014). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1(6), inserted by St. 1954, c. 681, § 1.
According to the review examiner's findings, adopted by the board, soon after Berard began her employment on January 22, 2015, she experienced health issues and was permitted to reduce her work schedule from twenty-six to sixteen hours per week. On May 2, 2015, the owner and Berard agreed that Berard would give complimentary fifteen-minute massages to clients. Berard gave two complimentary massages, for which she did not receive any pay. She voiced her discontent to the manager. That same day, the manager asked Berard to return her parking pass and requested that she share it with another employee. Unhappy with this arrangement, Berard stopped using the pass and began paying for her own parking when reporting to work.
Shortly thereafter, the employer began offering massages at a reduced rate, and Berard was paid lower commissions as a result. When Berard came to work on June 4, 2015, the receptionist gave her a note from the manager requesting that Berard give complimentary massages that day. Berard, in turn, gave the employer a written statement expressing her dissatisfaction with her employment conditions. After receiving the manager's note, Berard walked out and sent the owner her resignation by electronic mail (email), asserting, "What you did today is called a 'constructive discharge.' " The employer did not have an opportunity to discuss Berard's concerns with her before she resigned.
The board determined that Berard's complaints about the parking pass did not constitute good cause for quitting. Although the board agreed that "working for free is unreasonable," it further concluded that Berard was ineligible for benefits because she had failed to show that she made a reasonable attempt to preserve her job or that such an attempt would have been futile. We discern no grounds for disturbing the board's decision under G. L. c. 30A, § 14(7).
Under G. L. c. 151A, § 25(e )(1), the claimant bears the burden of proving eligibility for unemployment claims by "proving either that [s]he left [her] employment for good cause attributable to the employing unit, or that [her] reason for leaving was of an urgent, compelling, and necessitous nature that would render [her] departure involuntary." Crane v. Commissioner of the Dept. of Employment & Training, 414 Mass. 658, 660 (1993). Good cause can be shown by "intolerable working conditions," such as exposure to "substandard sanitation, temperature, ventilation, or other like factors which may contribute to the physiological discomfort or demise of exposed employees," but does not include "general and subjective dissatisfaction with working conditions." Sohler v. Director of the Div. of Employment Security, 377 Mass. 785, 789 (1979).
The board's determination that Berard's frustration about parking did not amount to good cause is sound as a matter of law and supported by substantial evidence. The board was justified in determining that her unwillingness to share the parking pass with another employee was not an unbearable working condition but was merely a matter of subjective dissatisfaction.
Even where a claimant has good cause for leaving her job, she must demonstrate a reasonable attempt to preserve her employment before resigning, or that any attempt at preservation would have been futile. See Kowalski v. Director of the Div. of Employment Security, 391 Mass. 1005, 1006 (1984) ; Guarino, 393 Mass. at 93-94. The board's determination in this regard was supported by substantial evidence. Berard resigned before giving the owner an opportunity to respond to her letter of grievances. Moreover, the record included an email that the owner sent to Berard the day after she resigned, which spoke directly to Berard's concerns. The board regarded this email as an indication that if Berard had attempted to address her concerns with the owner before resigning, her attempts would not have been in vain. Based on the foregoing, we are satisfied that the record contains substantial evidence to support the board's conclusions, and that its conclusions are based on sound legal principles.[4]
Judgment affirmed.

In response to an order of the panel directing the parties to be prepared to discuss the procedural issue at oral argument, DUA took the position that the District Court judge exceeded his authority, marshalling the decisional law discussed above. Berard, for her part, reasonably explained her late filing, which was based in part on her medical condition and in part on alleged (mis)guidance from court personnel.

Berard also claims harassment and discrimination at her place of employment. We do not consider these claims because, as the board observed, the review examiner did not find them credible.