NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-153

MARK JOHN SKINNER

vs.

PARK PLYMOUTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment on the pleadings entered in the Superior Court in favor of the defendant, Park Plymouth, which manages public parking in certain areas of the town of Plymouth.  He argues that Park Plymouth's issuance of a parking ticket was invalid and that a Superior Court judge erred in dismissing his complaint without considering new evidence. We affirm.

Background.  On July 24, 2022, Park Plymouth issued the plaintiff a parking ticket, with a fine of thirty dollars, for parking in a public lot without paying the required fee.  In a letter received by Park Plymouth on July 28, the plaintiff wrote that he "assumed" that the lot in which he had parked "was owned by the restaurant" to which it was "immediately adjacent," "[i]n the future [he] will be sure that [he is] not in a public lot,"

and that "any consideration would be appreciated."  The letter did not request a hearing.  Park Plymouth treated the letter as an appeal of the parking ticket and denied that appeal on July 28, 2022.

The plaintiff then filed a complaint for judicial review pursuant to G. L. c. 30A, § 14.  After a hearing, a Superior Court judge entered judgment on the pleadings for Park Plymouth. The plaintiff appealed.

Discussion.  We review a judgment on the pleadings de novo. See Barron v. Kolenda, 491 Mass. 408, 415 (2023).  Pursuant to G. L. c. 30A, § 14, the judge could set aside or modify the decision of the agency, Park Plymouth, if "substantial rights of any party may have been prejudiced" because of an enumerated error of law.  The question for the judge on review of an agency decision is whether that decision was "based on an error of law, unsupported by substantial evidence, arbitrary and capricious, . . . or contains one or more other enumerated defects" (citation omitted).  Franchini v. Board of Registration in Podiatry, 490 Mass. 1015, 1017 (2022).

The plaintiff argues, as he argued in the Superior Court, that Park Plymouth's issuance of the parking ticket was invalid because the parking ticket did not contain information including a "schedule of fees" and "information how to request a hearing," as mandated by G. L. c. 90, § 20A1/2.  The judge declined to

2

reach those claims, because the plaintiff had not raised them before the administrative agency, Park Plymouth. See Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 535 (2014) ("To preserve an issue for appeal from an agency's decision, a party must raise the issue before the agency" [citation omitted]). Ordinarily a judge's review of the decision of an administrative agency is "confined to the record," G. L. c. 30A, § 14 (5), although upon a showing of a failure for "good reason" to present material evidence to the agency, the judge "may order" the agency to take such additional evidence, G. L. c. 30A, § 14 (6). See Gillespie v. Northampton, 460 Mass. 148, 151 n.6 (2011). The plaintiff has not shown that the judge was required to order the agency to take additional evidence. See LeMaine v. Boston, 27 Mass. App. Ct. 1173, 1175 (1989).

The parking violation was established by the prima facie effect of the ticket, see G. L. c. 90, § 20A1/2, and by the plaintiff's admissions in his letter to Park Plymouth. The

plaintiff has not demonstrated that the agency's decision was arbitrary and capricious or based on an error of law.

<u>Judgment affirmed</u>.

By the Court (Henry, Grant & Brennan, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered: October 11, 2023.

---

[1] The panelists are listed in order of seniority.