NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1219

ANTHONY KHORZOUGHI

vs.

DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the board of review (board) of the Massachusetts

Department of Unemployment Assistance (DUA) affirmed a review

examiner's (examiner) decision to deny him benefits pursuant to

the pandemic unemployment assistance (PUA) benefits program

under 15 U.S.C. §§ 9001-9141, the Coronavirus Aid, Relief, and

Economic Security Act (CARES act),[1] the plaintiff, Anthony

_____

    [1] Pandemic unemployment assistance was a temporary Federal program in effect from January 27, 2020, to September 6, 2021. The program provided benefits to workers who did not otherwise qualify for regular or extended unemployment benefits, such as self-employed workers.  See 15 U.S.C. §§ 9021(a)(3)(A)(ii)(II), 9021(c)(1).  The Secretary of Labor established that self-employed individuals were required to file for PUA benefits in any State where he or she was working at the time of the negative impact by COVID-19.  See Unemployment Insurance Program

Khorzoughi, sought review in the District Court.  Ultimately, the board's decision was affirmed, and this appeal ensued.

The question before us is whether the board's decision was supported by substantial evidence.  We conclude that the evidence fully supports the examiner's findings, which, in turn, fully support the board's conclusion that Khorzoughi failed to carry his burden to demonstrate that he was working in Massachusetts at the time his business was negatively impacted by COVID-19.  Accordingly, the board properly denied Khorzoughi's application for PUA benefits.

Background.  Khorzoughi owned a business known as TechMart, that was registered in the State of Washington.  The business involved the wholesale sales of frozen seafood and automobiles. On January 11, 2021, he submitted a PUA claim for benefits under the CARES act, claiming that he was "self-employed, an independent contractor, or a gig worker and that COVID-19 had severely limited his ability to perform his normal work."  He also claimed that he worked and resided in Massachusetts.  The DUA issued an initial ineligibility notice.  Thereafter, a DUA review examiner affirmed that determination, finding that Khorzoughi was not employed or self-employed in Massachusetts as

Letter No. 16-20 Change I, Attachment I, question and answer 7 (April 27, 2020).

2

of the effective date of his claim, January 10, 2021. More specifically, the examiner found that (1) Khorzoughi's wholesale seafood and automobile business, TechMart Inc., doing business as US Auto, was registered in the State of Washington; (2) Khorzoughi neither had any income in the State of Massachusetts nor filed a Massachusetts State tax return in 2020; and (3) Khorzoughi failed to provide any proof of sales or business conducted in Massachusetts in 2020 or January 2021. The board adopted the review examiner's findings of fact and summarily affirmed the denial of benefits. Thereafter, Khorzoughi appealed and a District Court judge remanded the case for further proceedings on the question whether Khorzoughi's claim that he was self-employed in Massachusetts had "a basis in the evidence" beyond his testimony. The judge noted that, contrary to the board's determination, there was evidence in the record, including the fact that Khorzoughi had filed tax returns in Massachusetts, that showed he was employed in Massachusetts.

On remand, the board conducted a "thorough review of the record" and found no evidence that Khorzoughi had filed a Massachusetts tax return. Consequently, the board reaffirmed the review examiner's decision. Khorzoughi then filed a second petition for judicial review, which resulted in the board's decision being affirmed by a different judge.

Discussion.  The worker bears "[t]he burden of proof as to all aspects of eligibility for unemployment benefits . . . ." Guarino v. Director of the Div. of Employment Sec., 393 Mass. 89, 92 (1984), quoting Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n.1 (1979).  "[T]he final eligibility decision of the DUA [is subject] to judicial review under the standards of the Administrative Procedure Act." Shriver Nursing Servs., Inc. v. Commissioner of the Div. of Unemployment Assistance, 82 Mass. App. Ct. 367, 370 (2012).  See G. L. c. 151A, § 42.  We must "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon [the DUA]," G. L. c. 30A, § 14 (7), and we will not reverse an agency's decision "unless it is unsupported by substantial evidence or based on an error of law."  O'Malley v. Contributory Retirement Appeal Bd., 104 Mass. App. Ct. 778, 780 (2024).

We have reviewed the administrative record carefully and discern no error in the board's conclusion on remand that Khorzoughi's claim of self-employment in Massachusetts had no basis in the evidence apart from his self-serving testimony.[2]

---

[2] The plaintiff testified that he resided during the operative period for which he sought benefits in Massachusetts and worked there in sales.  However, the review examiner and the board were not required to credit his testimony and they did not

4

There is no evidence in the record that Khorzoughi filed a Massachusetts corporate or individual income tax return in 2020 -- or in any other year.  We further conclude that the board's finding and conclusion that Khorzoughi was not self-employed in Massachusetts -- and thus failed to meet the CARES act eligibility requirements for a Massachusetts PUA claim -- was supported by substantial evidence and free from error of law. See O'Malley, 104 Mass. App. Ct. at 780.

As the board noted, Khorzoughi registered his business in the State of Washington and listed its principal office in Tacoma on his corporate tax returns for 2020.  He was paying State corporate taxes to the State of Washington, at least as of 2019.  Khorzoughi did not report income to the Massachusetts Department of Revenue for 2020, and he did not provide evidence of a diminution of services or employment in Massachusetts caused by the pandemic in 2020 or January 2021.  The record is bereft of evidence of sales in Massachusetts or business conducted in Massachusetts at the time he filed for PUA

---

do so here.  See Guarino, 393 Mass. at 92 (matters of credibility are for DUA to resolve).

5

benefits.  Based on the foregoing, the judge's decision dated June 5, 2023, upholding the decision of the board is affirmed.

So ordered.

By the Court (Vuono, Neyman & Sacks, JJ.[3]),

*Paul Little*

Clerk

Entered:  March 2, 2026.

---

[3] The panelists are listed in order of seniority.